ALOIS ROU, PROSECUTOR, v. THOMAS PEER, RECORDER OF THE TOWNSHIP OF CALDWELL, ET AL., RESPOND-ENTS.

Decided October 21, 1926.

**Fish and Game—Violations—Convictions—Magistrates—Alleged Reason for Setting Aside Conviction is That Complaint Does Not Show That Action was Taken Before a Magistrate—The Attack is Not That Thomas Peer is Not Recorder, but That He is Not Properly Designated as Such—Court Takes Judicial Notice of Political Divisions, and That Townships Have Authority to Appoint Recorders, Also That Complaint and Judgment of Conviction Contains the Recorder's Seal.**

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *J. Chester Massinger.*

For the respondents, *Edward L. Katzenbach* and *Grover C. Richman.*

PER CURIAM.

The writ in this case brings before us for review the judgment of conviction and the proceedings had before the respondent Thomas Peer, recorder of the township of Caldwell, in the county of Essex, under proceedings under "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture and possession (Revision, 1903)," approved April 14th, 1903, and the amendment thereof approved April 9th, 1914.

The particular charge against the prosecutor was that of hunting on October 21, 1925, in the township of Pequannock, Morris county, without having a license, as provided for and required by such statutes.

The first reason urged for a setting aside of the proceedings and judgment, is that the complaint does not show, upon its face, that it was made before a magistrate.

The complaint reads:

"STATE OF NEW JERSEY, }
"COUNTY OF ESSEX. }

"Personally appeared before the subscriber, one of the recorders in and for the county of Essex and State of New Jersey, Robert Stocker, who, being duly sworn, &c. * * *.

"This is signed by the complaining witness as follows: 'Robert Stocker, Deputy Warden,' and then appears the jurat and signature of the recorder, as follows:

"Sworn and subscribed before me this 22d day of November, A. D. nineteen hundred and twenty-five.

"THOMAS PEER [Seal].
"Recorder—Caldwell, N. J., P. O. Address."

The same reason is directed toward the conviction, which is as follows:

"STATE OF NEW JERSEY, }
"COUNTY OF }

"Be it remembered that on this 24th day of November, A. D. nineteen hundred and twenty-five, at Caldwell township, in said county, Alois Rou, defendant, was by Thomas Speer, one of the recorders in and for said county * * *.

"This conviction is signed—

"THOMAS PEER, Recorder.
"P. O. Address of Magistrate."

We take judicial notice of the political divisions and subdivisions of the state, of the laws of the state and of the courts and judges thereof. 23 Corp. Jur. 82, § 1865, &c.; p. 105, § 1910, &c.

We, therefore, take judicial notice of the fact that there exists in this state a political subdivision known as the town-

ship of Caldwell, and that it is located in the county of Essex. We further take notice, judicially, that there are statutes relating to, and providing for, the government of the several townships of this state, including, of course, the township of Caldwell, and that in such statutes there is legislative authority granted and given for the appointment of a magistrate known as a recorder.

The attack made here is not that Thomas Peer is not the recorder of the township of Caldwell, duly and regularly appointed and qualified as such, as required by the statute, but simply that in the complaint and conviction he has not properly or sufficiently designated himself as recorder of the township of Caldwell. The original complaint and judgment of conviction upon file in the office of the clerk of this court contain the following imprint of the seal of the magistrate: "Recorder, Township of Caldwell, Essex County, N. J."

We think the deficiency complained of is fully supplied by the facts and circumstances.

The further reason for setting aside the proceedings and conviction is that the conviction does not show the names of the witnesses who testified for the defendant.

Complaint was also, and at the same time and for a like violation, made against one Harold Courter, and the proceedings in that matter are also before us under a writ of *certiorari* (No. 281 of the present term), and in the return to that writ there is a return of the minutes or notes of the trial. From this it appears that both matters were heard at one time, and as one proceeding, and from such return it appears that there were no witnesses produced or sworn on the part of the defendants below, but, on the contrary, they were advised and directed, by the attorney representing them, not to answer any questions or make any statement.

The conclusion we have reached is that the writ of *certiorari* must be dismissed.